United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) |
| | ) Criminal Case No. 18-20506-CR-Scola |
| | ) |
| Evelyng Margarita Milla | ) |
| Campuzano, Defendant. | ) |

## Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Evelyng Margarita Milla Campuzano's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and motion for appointment of counsel. (Mot., ECF No. 222.) There is no need for the Government to respond. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence and for appointment of legal counsel. (**Mot., ECF No. 222**.)

### 1. Background

Seven individuals were indicted in June 2018 for their involvement in a scheme involving call centers that fraudulently induced Spanish-speaking victims in the United States to make payments to avoid supposed deportation, court proceedings, and other false consequences. (ECF No. 3.) Evelyng Margarita Milla Campuzano pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and was sentenced to 90 months of imprisonment on September 3, 2021. (ECF Nos. 85, 86, 162, 164.) As part of the plea agreement, Campuzano agreed to recommend to the Court adjustments for her role as a manager and supervisor of the scheme to defraud and for the vulnerable nature of the victims. (ECF No. 102 ¶ 8.f-g.)

Since the Defendant's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." The Defendant now seeks retroactive application of Amendment 821 to the Court's judgment sentencing her to 90 months of imprisonment.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2)

is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendant invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. §

4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in her offense level, if she meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*

Campuzano fails to meet at minimum Amendment 821's eligibility requirements (9) and (10)—*i.e.*, that she "did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim)[,]" and "did not receive an adjustment under §3B1.1 (Aggravating Role)[.]" *See id.* The Court therefore need not reach whether Campuzano is also ineligible because she does not meet criterion (6)—that "the defendant did not personally cause substantial financial hardship[,]" although she very likely did by organizing and supervising a scheme to prey upon and unlawfully demand payments from Spanish speakers in the United States.

Campuzano agreed in her plea agreement that the adjustments under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) and §3B1.1 (Aggravating Role) were applicable, and her factual proffer supported the application of the adjustments. (*See* ECF Nos. 85, 86.) Pursuant to the plea agreement, Campuzano acknowledged that she "was a manager and supervisor of the criminal activity" and "knew or should have known that a victim of the offense was a vulnerable victim." (Plea Agreement, ECF No. 102 ¶ 8.f-g.) Thus, Campuzano does not meet Amendment 821's eligibility criteria. Because

Campuzano is not eligible for relief, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

Campuzano also argues that that she should be granted compassionate release because the Bureau of Prisons is not awarding her proper credit for time served or proper gain time. (Mot. at 9-11.) As to that part of her motion, the Defendant must first exhaust her administrative remedies and then any action must be brought in the district in which she is serving her sentence.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Campuzano's motion for reduction of sentence is **denied**. (**ECF No. 222**.) The Court also denies Campuzano's request for appointment of counsel because there is nothing complex in her motion which would warrant appointment of counsel.

**Done and ordered** at Miami, Florida on June 3, 2024.

_____
Robert N. Scola, Jr.
United States District Judge